IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JAMES H. ROGERS,<br>         Plaintiff | ) ) ) | |
| vs. | ) ) | Civil Action No. 08-67 |
| R.J., Correctional Officer for SCI Western Penitentiary M.H.U. Block; SMITT, Correctional Officer for SCI Western Penitentiary; TERRI, Correctional Officer for SCI Western Penitentiary 2003 up to 2005; NURSE BILL; NURSE JOE; TROY, Mental Health Teck Charter for SCI Western Penitentiary; ANDRE, Mental Health Teck Charter for SCI Western Penitentiary; JB, Mental Health Tech Charter; MENTAL HEALTH TECK TRACI; JASON, Mental Health Teck Charter; INMATE WORKE, also known as NEANO,<br>         Defendants | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) | District Judge Gary L. Lancaster/<br>Magistrate Judge Amy Reynolds Hay |

REPORT AND RECOMMENDATION

RECOMMENDATION

It is recommended that this action be dismissed before service, pursuant to the authority granted courts by the Prison Litigation Reform Act (PLRA), for failure to state a claim upon which relief can be granted and as frivolous.

REPORT

James H. Rogers ("Plaintiff"), a state prisoner, currently housed at SCI-Greene, has filed a civil rights suit against a whole host of defendants who had worked at the now closed SCI-Pittsburgh, formerly known as Western Penitentiary. In that complaint he complains of actions

allegedly taken by those defendants between February and March of 2003. This civil rights action was not formally commenced until January 16, 2008. Because the complaint on its face shows that the suit is, for the most part, time barred it should be dismissed due to the statute of limitations. To the extent that Plaintiff complains that the Defendants hooked him up to some high technology equipment when he was unconscious and that they are even now attempting to communicate with him via this technology, the claim is fantastical and may be dismissed as frivolous.

**Relevant Factual and Procedural History**

On January 16, 2008, the Clerk's office received from Plaintiff an IFP application that was signed in the space for the signature of the applicant. However appearing in the space where the date was supposed to go, a date was put in but then it appears it was scratched out. Nevertheless, the date appears to have been December 2007. Dkt. [1] at 1 and at 2. Accompanying that IFP application was a proposed civil rights complaint that alleged the Defendants, all of whom were employed at SCI-Pittsburgh, which, the Court takes judicial notice of, was closed in January 2005, three years ago this month.[1] The alleged wrongdoing took place according to the complaint from February to March 2003. Plaintiff contends that the wrongdoing violated his Eighth Amendment rights and constituted a "neglection [sic] of medical treatment/civil rights violation." Dkt. 1-2 at 2, ¶ III.

The only allegation that arguably may not be time barred is the allegation that "to this day [they] have me rigged up to some hi-technology equipment[,] 5 years later[;] that they done to

---

[1] See

http://www.state.pa.us/papower/cwp/view.asp?A=11&Q=459196

my head when I was unconscience [sic] that they still try - n - [sic, perhaps "and"] communicate to me a lot of times with - n - [sic] it causes me mental - n - [sic] physical discomforts - n - [sic] grief that they have hidden very well." Dkt. [1-2] at 2, ¶ IV.C.

**Applicable Legal Principles**

In the Prison Litigation Reform Act ("PLRA"), Pub. L. No. 104-134, 110 Stat. 1321 (1996), Congress adopted major changes affecting civil rights actions brought by prisoners in an effort to curb the increasing number of frivolous and harassing law suits brought by persons in custody. See Santana v. United States, 98 F.3d 752, 755 (3d Cir. 1996). The PLRA, in relevant part, added Section 1915A, entitled "Screening," to Title 28 U.S.C. to provide that "[t]he court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. (b) Grounds for dismissal– On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint– (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." Here, Plaintiff is a prisoner within the meaning of Section 1915A.[2] Most of the Defendants appear to be employees of a governmental entity from whom Plaintiff seeks redress.[3] Thus, Section 1915A Screening is applicable herein. Moreover, under Section 1915A, not only is a court permitted to

---

[2] Section 1915A(c) defines the term "prisoner" as "any person incarcerated or detained in any facility who is accused of, convicted of, sentenced for, or adjudicated delinquent for, violations of criminal law or the terms and conditions of parole, probation, pretrial release, or diversionary program." 28 U.S.C. § 1915A(c).

[3] To the extent that there are Defendants who are not employees of a governmental entity, screening is appropriate as to them under the other two screening provisions.

sua sponte dismiss a complaint which fails to state a claim or that is frivolous but the court is required to do so. Nieves v. Dragovich, No. CIV.A.96-6525, 1997 WL 698490, at *8 (E.D. Pa. Nov. 3, 1997)("Under provisions of the Prison Litigation Reform Act codified at 28 U.S.C. §§ 1915A, 1915(e) and 42 U.S.C. S 1997e©), the district courts are required, either on the motion of a party or sua sponte, to dismiss any claims made by an inmate that are frivolous or fail to state a claim upon which relief could be granted."), aff'd, 175 F.3d 1011 (3d Cir. 1999)(Table).

In addition, the PLRA significantly amended the statutory provisions with respect to actions brought by prisoners who are proceeding in forma pauperis. The amended version of the statute now reads that "[n]otwithstanding any filing fee, or any portion thereof, that may have been paid [by a prisoner granted IFP status], the court shall dismiss the case at any time if the court determines that– (A) the allegation of poverty is untrue; or (B) the action or appeal– (I) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. §1915(e)(2). Here, Plaintiff has been granted IFP status, and is a prisoner within the meaning of 28 U.S.C. §1915.[4] Thus, Section 1915(e)(2) is also applicable herein. Moreover, not only is a court permitted to sua sponte dismiss a complaint which fails to state a claim or that is frivolous, but it is required to do so by the mandatory language of "the court shall dismiss" utilized by Section 1915(e). See, e.g., Keener v. Pennsylvania Board of Probation and Parole, 128 F.3d 143, 145 n.2 (3d Cir. 1997) (describing 28 U.S.C. § 1915(e)(2)(B) as "the PLRA provision mandating sua

---

[4] The term prisoner as used in Section 1915 means "any person incarcerated or detained in any facility who is accused of, convicted of, sentenced for, or adjudicated delinquent for, violations of criminal law or the terms and conditions of parole, probation, pretrial release, or diversionary program." 28 U.S.C. § 1915(h)

sponte dismissal of in forma pauperis actions that are frivolous or fail to state a claim."); Lopez v. Smith, 203 F.3d 1122, 1126-27 (9th Cir. 2000); Nieves v. Dragovich, 1997 WL 698490 at *8.

In addition, the PLRA amended the Civil Rights of Institutionalized Persons Act, 42 U.S.C. § 1997e, to provide that "[t]he court shall on its own motion or on the motion of a party dismiss any action brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility if the court is satisfied that the action is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief." 42 U.S.C. § 1997e(c)(1). The same definition of prisoner is applicable to Section 1997e as is to Sections 1915(e) and 1915A.[5]

The statutory phrase "action brought with respect to prison conditions" is very broad and includes any condition found in a prison or jail. See, e.g., Porter v. Nussle, 534 U.S. 516 (2000); Nyhuis v. Reno, 204 F.3d 65 (3d Cir. 2000); Booth v. Churner, 206 F.3d 289, 294-295 (3d Cir. 2000), aff'd, 532 U.S. 731 (2001). Given the broad definition of "action with respect to prison conditions," Plaintiff's complaints come within that statutory definition.

In addition, Courts are required under Section 1997e to dismiss an action sua sponte if the complaint fails to state a claim upon which relief can be granted or is frivolous. Nieves v. Dragovich, 1997 WL 698490, at *8. Because Plaintiff is a "prisoner" and the instant suit is "an

---

[5] 42 U.S.C. § 1997e(h) provides that "[a]s used in this section, the term 'prisoner' means any person incarcerated or detained in any facility who is accused of, convicted of, sentenced for, or adjudicated delinquent for, violations of criminal law or the terms and conditions of parole, probation, pretrial release, or diversionary program."

action brought with respect to prison conditions," 42 U.S.C. §1997e applies herein.[6] Thus, if Plaintiff's action fails to state a claim upon which relief can be granted or is frivolous, the court is required to dismiss the action.

In performing a court's mandated function of sua sponte reviewing complaints under 28 U.S.C. §§ 1915A & 1915(e), and 42 U.S.C. 1997(e), to determine if they fail to state a claim upon which relief can be granted, a federal district court applies the same standard applied to motions to dismiss under Federal Rule of Civil Procedure 12(b)(6). See, e.g., Anyanwutaku v. Moore, 151 F.3d 1053 (D.C. Cir. 1998); Mitchell v. Farcass, 112 F.3d 1483, 1484 (11th Cir. 1997); Powell v. Hoover, 956 F. Supp. 564, 568 (M.D. Pa. 1997)(applying Rule 12(b)(6) standard to claim dismissed under 28 U.S.C. § 1915(e)(2)(B)(ii)); Neal v. Pennsylvania Board of Probation and Parole, No. CIV. A. 96-7923, 1997 WL 338838 at *1 (E.D. Pa. June 19, 1997) ("The Court adopts the familiar standard for Rule 12(b)(6) of the Federal Rules of Civil Procedure in determining whether the complaint fails to state a claim upon which relief may be granted under 28 U.S.C. § 1915A(b)(1)."); Tucker v. Angelone, 954 F. Supp. 134, 135 (E.D. Va.) ("Under 28 U.S.C. §§ 1915A, 1915(e) and 42 U.S.C. S 1997e©) the courts are directed to dismiss any claims made by inmates that 'fail to state a claim upon which relief could be granted'. This is the familiar standard for a motion to dismiss under Fed.R.Civ.P. 12(b)(6)."), aff'd, 116 F.3d 473 (Table) (4th Cir. 1997).

In reviewing complaints as mandated by 28 U.S.C. §§ 1915A & 1915(e), and by 42

---

[6] The Ninth Circuit has summarized the applicable scope of the three preceding sections of the PLRA as follows: "section 1915(e) applies to all in forma pauperis complaints, section 1915A applies only to actions in which a prisoner seeks redress from a governmental entity or employee. Section 1997e©) applies to prisoner complaints specifically challenging prison conditions." Lopez v. Smith, 203 F.3d 1122, 1126 n7 (9th Cir. 2000).

U.S.C. §1997e, and, consequently, utilizing the standards for a 12(b)(6) motion to dismiss, the complaint must be read in the light most favorable to the Plaintiff and all well-pleaded, material allegations of fact in the complaint must be taken as true. See Estelle v. Gamble, 429 U.S. 97 (1976). However, the court need not accept as true any legal averments or conclusions contained in the complaint. Papasan v. Allain, 478 U.S. 265, 286 (1986)("Although for the purposes of this motion to dismiss we must take all the factual allegations in the complaint as true, we are not bound to accept as true a legal conclusion couched as a factual allegation."); Labovitz v. Washington Times Corp., 172 F.3d 897, 898 (D.C. Cir. 1999)(the court "need not accept purely legal conclusions masquerading as factual allegations.") (some internal quotations omitted). Neither does the court have to accept as true anything in the complaint which contradicts facts of which the court may take judicial notice. See, e.g., Sprewell v. Golden State Warriors, 266 F.3d 979, 988 (9th Cir. 2001)(In ruling on a motion to dismiss, "[t]he court need not, however, accept as true allegations that contradict matters properly subject to judicial notice. . . .").

Furthermore, because Plaintiff is pro se, courts accord an even more liberal reading of the complaint, employing less stringent standards when considering pro se pleadings than when judging the work product of an attorney. Haines v. Kerner, 404 U.S. 519 (1972). Nevertheless, dismissal is proper under Rule 12(b)(6) and hence, under 28 U.S.C. §§ 1915A & 1915(e), and 42 U.S.C. §1997e, where the court determines that the facts alleged, which are not contradicted by facts of which judicial notice may be had, taken as true and viewed in a light most favorable to the plaintiff, fail to state a claim as a matter of law. See, e.g., Gould Electronics, Inc. v. U.S., 220 F.3d 169, 178 (3d Cir. 2000).

**Discussion**

Although Plaintiff does not specifically mention 42 U.S.C. § 1983, which is the Civil Rights Act, because he is seeking to vindicate his constitutional rights and he does not have a cause of action directly under the Constitution, a liberal reading of the complaint requires the court to construe his complaint as one invoking the court's jurisdiction pursuant to 42 U.S.C. § 1983. See, e.g., Arpin v. Santa Clara Valley Transp. Agency, 261 F.3d 912, 925 (9th Cir. 2001)("a litigant complaining of a violation of a constitutional right does not have a direct cause of action under the United States Constitution but must utilize 42 U.S.C. § 1983."); Pauk v. Board of Trustees of City University of New York, 654 F.2d 856 (2d Cir 1981)(where a federal statute governing civil action for deprivation of rights provides a remedy, i.e., 42 U.S.C. § 1983, an implied cause of action grounded on the Constitution is not available), overruling on other grounds as recognized in, Brandman v. North Shore Guidance Center, 636 F.Supp. 877, 879 (E.D.N.Y. 1986). Hence, the court construes the current complaint as alleging a cause of action under Section 1983.

Congress did not specify a statute of limitations for actions arising under 42 U.S.C. § 1983 of the Federal Civil Rights law. Wilson v. Garcia, 471 U.S. 261, 267 (1985), *overruled by statute on other grounds as recognized in*, Hurst v. Trader, 223 Fed.Appx. 128, 131 (3d Cir. 2007). Because of this, the Courts are to consider Section 1983 actions as tort actions and borrow the statute of limitations for personal injury or tort actions from the appropriate state. See id. The Court of Appeals for the Third Circuit has declared that for Section 1983 actions brought in the Federal courts located within the Commonwealth of Pennsylvania, the appropriate statute of limitations is two years. Fitzgerald v. Larson, 769 F.2d 160, 162 (3d Cir. 1985)("the two-year

Pennsylvania limitation for personal injury actions of 42 Pa.Const.Stat.Ann. § 5524 governs all § 1983 actions brought in Pennsylvania."). The statute of limitations requires that a complaint be filed within its time limits from the time a cause of action accrues. See Sprint Communications Co., L.P. v. F.C.C., 76 F.3d 1221, 1226 (D.C. Cir. 1996).

A Federal District Court may sua sponte raise the statute of limitations in screening a complaint so long as the statute of limitations defect is apparent from the face of the complaint. See, e.g., Dellis v. Corrections Corp. of America, 257 F.3d 508, 511 (6th Cir. 2001); Tate v. United States, 13 Fed.Appx. 726 (9th Cir. 2001).

Herein, most of the wrongs complained of by Plaintiff, occurred from February to March of 2003 and therefore accrued then. Plaintiff did not "file"[7] his application to proceed in forma pauperis, which would stop the running the of the statute of limitations,[8] until, at the earliest, some time in December 2007, i.e., more than four years after the alleged wrongs were perpetrated by the Defendants at the now closed SCI-Pittsburgh. Thus, it is clear from the face of the complaint that Plaintiff failed to commence his lawsuit within the two year applicable statute of limitations. Accordingly, the complaint should be dismissed before service for failing to state a claim upon which relief can be granted given that the statute of limitations bars the suit.

---

[7] Although Plaintiff attempted to scratch out the dates, the Plaintiff's application for IFP status was not signed until December 2007, which is the earliest this court could deem Plaintiff's suit as being filed, which is well beyond the two year limitations period as measured from March 2003. See Cromwell v. Keane, 27 Fed.Appx. 13 (2d Cir. 2001)(for prisoner mail box rule, a prisoner is deemed to file his pleading on the date which he hands it to prison officials for mailing; in the absence of evidence as to when this is, the court should deem the date whereon the prisoner signed his IFP application as the date whereon he handed his pleading to the prison officials).

[8] Richardson v. Diagnostic Rehabilitation Center, 836 F.Supp. 252, 254 (E.D. Pa. 1993) ("While a complaint accompanied by an i.f.p. motion is usually not deemed 'filed' until leave to proceed in forma pauperis is granted or the filing fee is paid, the filing of the motion tolls the applicable statute of limitations.")

The time bar applies to all of Plaintiff's allegations of wrongdoing except the allegation that the Defendants rigged him up to a high technology device and apparently the device is still rigged up to Plaintiff and the defendants allegedly attempt to continue to communicate with Plaintiff via this device which is allegedly well hidden. While the alleged act of rigging him up to the device clearly occurred outside of the statute of limitations, i.e., sometime in February to March of 2003, there is a theory called the "continuing violation" doctrine, which, to the extent that it could be borrowed from other case law and applied here, might permit the court to find that the such a claim would fall within the statute of limitations. See, e.g., Ratts v. Board of County Com'rs, Harvey County, KS, 141 F.Supp.2d 1289, 1300 (D. Kan. 2001) ("For the doctrine to apply, Ms. Ratts must first demonstrate at least one incident of harassment, which occurred **within the statutory period** . . . .") (emphasis added); Doe v. Blake, 809 F.Supp. 1020, 1025 (D. Conn. 1992)("Under this [continuing violation] theory, where the last act alleged to be part of the ongoing pattern of discrimination occurs **within the filing period**, allegations regarding earlier acts are not time-barred.") (emphasis added). Assuming the instant claim of rigging Plaintiff up to a high technology device comes within this continuing violation doctrine, nevertheless, this claim should be dismissed as frivolous.

As the Supreme Court has explained:

> As we stated in *Neitzke*, a court may dismiss a claim as factually frivolous only if the facts alleged are "clearly baseless," 490 U.S., at 327, a category encompassing allegations that are "fanciful," id., at 325, "fantastic," id., at 328, and "delusional," ibid. As those words suggest, a finding of factual frivolousness is appropriate when the facts alleged rise to the level of the irrational or the wholly incredible, whether or not there are judicially noticeable facts available to contradict them.

Denton v. Hernandez, 504 U.S. 25, 32-33 (1992). Instantly, the factual allegation that

10

Defendants rigged Plaintiff up to a high technology device which is somehow hidden, apparently, in or on Plaintiff's person, by which the Defendants still communicate with Plaintiff is wholly incredible, fantastical and hence, factually frivolous and should be dismissed as such. Cf. McCullough v. U.S. 76 Fed.Cl. 1, 5-6 (Fed.Cl.2006)("Transfer of plaintiff's claim would not be in the interest of justice because the claim is factually frivolous. Plaintiff's allegations that defendant implanted a transmitting device into plaintiff's brain and broadcast plaintiff's private thoughts is wholly incredible, as is plaintiff's allegation that defendant injected chemical substances into plaintiff's body . . . . This court is not aware of any other court in which plaintiff's claim would survive the preliminary screening of 28 U.S.C. § 1915(e), requiring the court to dismiss the claim if it is factually frivolous."), *appeal dismissed by* 236 Fed.Appx. 615 (Fed.Cir. 2007).

Accordingly, all of Plaintiff's claims should be dismissed for failure to state a claim upon which relief can be granted due to them being time barred. This is true as to all of Plaintiff's with the possible exception of his claim of being rigged up to a device, which should be dismissed as frivolous.

CONCLUSION

In accordance with the Magistrates Act, 28 U.S.C. § 636(b)(1)(B) & (C), and Local Rule 72.1.4 B, the parties are permitted to file written objections and responses thereto in accordance with the schedule established in the docket entry reflecting the filing of this Report and Recommendation. Failure to timely file objections may constitute waiver of any appellate rights.

Respectfully submitted,

/s/  Amy Reynolds Hay
United States Magistrate Judge

Dated:  28 January, 2008

cc: The Honorable Gary L. Lancaster
United States District Judge

James H. Rogers
FE-9381
SCI Greene
175 Progress Drive
Waynesburg, PA 15370